UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEILA GOUDREAU, ADMINISTRATRIX, Plaintiff, | : : : | 3:07cv1248(WWE) |
| v. | : : | |
| IAN BROWN, BEN HOFFMAN, TOWN OF WINDHAM, TOWN OF COVENTRY, BRIAN FLANAGAN, CONNECTICUT STATE POLICE, JAMES O'DONNELL, Defendant. | : : : : : : | |

### RULING ON DEFENDANTS' MOTION TO DISMISS

This multi-count complaint alleges civil rights violations arising out of the shooting of Eric Habel by municipal law enforcement Officer Ian Brown.

Defendants State of Connecticut and James O'Donnell have filed a motion to dismiss certain counts pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[1]. Specifically, defendants move to dismiss count sixteen alleging negligence against O'Donnell, count seventeen alleging failure to train against the State of Connecticut, and count eighteen alleging loss of consortium against O'Donnell and the State of Connecticut. Plaintiff has failed to file a timely opposition to the motion to dismiss. Absent objection and upon review of the merits of defendants' arguments, the Court will grant the motion to dismiss.

---

[1]The motion to dismiss and the complaint both refer to the State of Connecticut, which the Court construes to be defendant Connecticut State Police as named in the caption.

1

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942). In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

The function of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v.

Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Eleventh Amendment

Defendants argue that plaintiff's claims against the state and O'Donnell in his official capacity are barred by the Eleventh Amendment.

Pursuant to the Eleventh Amendment, an unconsenting state and its state officials sued in their official capacity are immune from suits for damages brought in federal courts. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). In the absence of consent, a suit in which a state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. See Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147 (1981).

A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). However, Section 1983 does not override Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 341 (1979). Accordingly, the Court will dismiss (1) the claims against O'Donnell to the extent any claims are asserted against him in his official capacity, and (2) the claims against the State for failure to train and loss of consortium.

## State Law Immunity

Defendants argue that O'Donnell is entitled to immunity pursuant to Connecticut General Statutes § 4-165, which provides:

> No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment.

Section 4-165 protects defendant O'Donnell against individual tort liability because, as alleged by the complaint, he was acting within the scope of his authority as a state trooper present during an attempt to effectuate an arrest. The complaint alleges only liability due to negligence by defendant O'Donnell rather than wanton, willful or reckless conduct. Accordingly, based on the merits and absent objection, the Court will grant the motion to dismiss the negligence claim against O'Donnell.

The Court will also dismiss the loss of consortium claim against O'Donnell because it is derivative of the negligence claim that is also subject to dismissal, and the weight of decisional law holds that a plaintiff may not attach a loss of consortium claim to a section 1983 violation. See Harrison v. Harlem Hospital, 2007 WL 2822231, *4 (S.D.N.Y. 2007).

**CONCLUSION**

For the foregoing reasons and absent objection, the motion to dismiss [doc. #20] is GRANTED. Plaintiff is instructed to amend the complaint consistent with this ruling within ten days.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this \_14th\_\_ day of April, 2008.